Daniel, Judge.'
 

 The offence of usury is not complete until the lender has actually received the excess of interest in money, or money’s worth.
 
 Maddock qui tam
 
 v.
 
 Hammet,
 
 7 Term Rep. 180. The defendant had made a loan of one hundred and twenty five dollars, and taken the note of the borrower at twelve months thereafter for one hundred and thirty-nine dollars. He obtained a judgment on the note,
 
 *475
 
 and sued out execution, and the sheriff returned the same “ satisfied,” and it was so entered on the clerk’s execution docket. The question was, whether the after-mentioned return by the sheriff was sufficient evidence of the fact of the defendant’s having received the amount of the execution, or the illegal excess of interest for the money loaned. The judge was of the opinion, that the return of the execution “satisfied,” was not of itself sufficient evidence that the defendant had actually received usurious interest on the money loaned. The two authorities cited by the defendant’s counsel, although not exactly in point, are very strong in support of the opinion of the judge. In assumpsit for money had and received, it is a rule that the plaintiff must prove that the money came into the hands of the defendant.
 
 2
 
 Stark. Ev. 62. In
 
 Isom
 
 v.
 
 Johns, 2
 
 Mumf. Rep. 272, the Court held that money levied by the sheriff under an execution issuing on a judgment which is afterwards reversed, cannot be recovered back in assumpsit on a count for money had and received, without proof that the money was actually received by the plaintiff in that execution, or applied to his use. In
 
 Cator, Assignee,
 
 v.
 
 Stokes,
 
 1 Maule & Selw. 600, it was held, that the sheriff’s return to a writ
 
 oí fieri facias,
 
 that he has levied the money, is not sufficient evidence to prove that he has paid it over to the judgment creditor, so as to charge the latter with the receipt of it in an action for money had and received, brought by the assignees of the first defendant, a bankrupt. The defendant may have repented, and taken only the principal and legal interest; or it may be that he has never received either principal or interest. We are of the opinion, that the judgment rendered in this case was correct, and that the same must be affirmed.
 

 PeR Cuiiiam. Judgment affirmed.